UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

---

**ZOHAIB MOHAMMED**,

        Plaintiff,

vs.

**AMERICAN CREDIT FINANCIAL, LLC**, a Georgia limited liability company,

        Defendants.

---

**COMPLAINT**

Civ. No.

Trial by Jury is Demanded

Plaintiff, ZOHAIB MOHAMMED (hereinafter referred to as "PLAINTIFF"), by and through undersigned counsel, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, and brings this complaint against Defendant, AMERICAN CREDIT FINANCIAL, LLC (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

**PRELIMINARY STATEMENT**

1. PLAINTIFF brings this action for actual and statutory damages arising from DEFENDANT'S violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in the Eastern District of Texas.

## PARTIES

4. PLAINTIFF is a natural person residing in Plano, Texas.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer debt as defined by 15 U.S.C. § 1692a(5).

7. DEFENDANT is a Georgia limited liability company with its corporate headquarters at 6825 Jimmy Carter Blvd., Norcross, GA 30071.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Upon information and belief, PLAINTIFF's alleged debt was in default when DEFENDANT began to attempt to collect it.

## STATEMENT OF FACTS

10. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 9 inclusive, above.

11. On or about January 12, 2018, DEFENDANT called PLAINTIFF to collect on an alleged past due PlainGreen LLC payday loan.

12. DEFENDANT left the following voicemail message:

> This message is intended for Zohaib Mohammed. My name is Chris. This is the second call I'm giving you regarding these two claims filed against you out here in Plano. Um, I'm sure you know about this situation, I did leave messages. We're going to go ahead and we're going to serve Wells Fargo as well as the 4800 Bridgewater Street address out here in Plano today with the local authorities.

>If you have any questions you can contact the filing party at 888-380-6259, case number 95925.

13. PLAINTIFF was never served with a complaint.

14. When PLAINTIFF called the number in the voicemail message, he learned that the call was from DEFENDANT.

15. During the call, DEFENDANT further misrepresented that PLAINTIFF had written a bad check.

16. PLAINTIFF disputes owing the debt.

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692d(6) AND 1692e(11)

17. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 18 inclusive, above.

18. The FDCPA prohibits debt collectors from placing "telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. §1692d(6).

19. Further, the FDCPA requires debt collectors to disclose in communications "that the communication is from a debt collector".

20. On or about January 12, 2018, DEFENDANT called PLAINTIFF to collect on an alleged past due PlainGreen LLC payday loan.

21. DEFENDANT left the following voicemail message:

>This message is intended for Zohaib Mohammed. My name is Chris. This is the second call I'm giving you regarding these two claims filed against you out here in Plano. Um, I'm sure you know about this situation, I did leave messages. We're going to go ahead and we're going to serve Wells Fargo as well as the 4800 Bridgewater Street address out here in Plano today with the local authorities.

>If you have any questions you can contact the filing party at 888-380-6259, case number 95925.

22. The voicemail fails to identify the name of the debt collector.

23. The voicemail fails to disclose that the communication is from a debt collector.

24. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

25. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

## SECOND CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e, e(2)(A), e(5), AND e(10)**

26. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 25 inclusive, above.

27. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

28. The FDCPA prohibits the misrepresentation of the "character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

29. A debt collector is also prohibited from threatening "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5).

30. A debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

31. As set forth above, DEFENDANT left PLAINTIFF the following voicemail message:

> This message is intended for Zohaib Mohammed. My name is Chris. This is the second call I'm giving you regarding these two claims filed against you out here in Plano. Um, I'm sure you know about this situation, I did leave messages. We're going to go ahead and we're going to serve Wells Fargo as well as the 4800 Bridgewater Street address out here in Plano today with the local authorities.
>
> If you have any questions you can contact the filing party at 888-380-6259, case number 95925.

32. By providing a "case number" and claiming that it's going to "serve Wells Fargo as well as the 4800 Bridgewater Street address out here in Plano today with the local authorities," the voicemail message clearly implies that a lawsuit has been filed and is in the process of being served.

33. As of the filing of this FDCPA complaint, no complaint has been served on PLAINTIFF.

34. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

35. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

36. PLAINTIFF suffered the concrete injury of being deprived of his legally protected right to receive communications from debt collectors that do not contain material misrepresentations, and therefore has standing for the purposes of Article III.

**THIRD CLAIM FOR RELIEF**

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692e, e(2)(A), e(5), AND e(10)**

37. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 36 inclusive, above.

38. "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

39. The FDCPA prohibits the misrepresentation of the "character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

40. A debt collector is also prohibited from threatening "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. §1692e(5).

41. A debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

42. On January 12, 2018, PLAINTIFF called the number in the voicemail message.

43. During the call, DEFENDANT misrepresented that PLAINTIFF owed an alleged debt and had written a bad check.

44. PLAINTIFF disputes owing the debt and writing a bad check.

45. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

46. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, and is entitled to recover reasonable attorneys' fees therefor.

47. PLAINTIFF suffered the concrete injury of being deprived of his legally protected right to receive communications from debt collectors that do not contain material misrepresentations, and therefore has standing for the purposes of Article III.

## DEMAND FOR JURY TRIAL

48. Please take notice that PLAINTIFF demands trial by jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the classes, and that judgment be entered against DEFENDANT for the following:

(1)　For actual damages incurred by PLAINTIFF;

(2)　For statutory damages awarded to PLAINTIFF, not to exceed $1,000 from DEFENDANT, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)　For statutory damages awarded to the class, not to exceed the lesser of 1% of DEFENDANT's net worth or $500,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(4)　For reasonable attorneys' fees for all services performed by counsel in connection with the prosecution of these claims;

(5)　For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(6)　For any and all other relief this Court may deem appropriate.

Dated: April 2, 2018

        Respectfully Submitted,

        **GESUND & PAILET, LLC**

        /s/ Keren E. Gesund

        KEREN E. GESUND
        LA SBN 34397
        1400 Preston Road, Suite 400
        Plano, TX 75093
        Tel: 702-300-1180
        Fax: (504) 265-9492
        keren@gp-nola.com
        *Attorney for Plaintiff*